UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>HIBERTO LEAL,<br><br>Defendant. | 25-CR-00534 (JAV)<br><br>OPINION AND ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On September 10, 2026, Defendant Hiberto Leal ("Defendant") pled guilty to one count of possessing a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). *See* Minute Entry for Proceedings on September 10, 2026. Defendant has remained on release following his guilty plea and is awaiting sentencing, currently scheduled for January 20, 2027. *Id.* On October 13, 2026, Defendant filed a letter motion requesting that he be permitted to remain on release pending sentencing. ECF No. 56. The Government filed a letter opposing Defendant's request on October 27, 2026. ECF No. 57.

The parties dispute whether Defendant's conviction constitutes a "crime of violence" under the Bail Reform Act, thereby subjecting him to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). For the reasons discussed below, the Court concludes that the residual clause further defining a "crime of violence" under 18 U.S.C. § 3156(a)(4)(B) is unconstitutionally vague as applied to the mandatory detention provision of Section 3143(a)(2). Accordingly, the Court's determination as to whether Defendant should be detained pending sentencing is governed by Section 3143(a)(1). Applying that provision, the Court finds that

Defendant has established by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released subject to his existing conditions. The Government's request to remand Defendant pending sentencing is therefore denied.

## DISCUSSION

### A. The Residual Clause of 18 U.S.C. § 3156(a)(4) is Unconstitutionally Vague as Applied to the Mandatory Detention Clause

As stated above, the primary question before the Court is whether the residual clause of the Bail Reform Act under Section 3156(a)(4)(B) is unconstitutionally vague as applied to the mandatory detention provision under Section 3143(a)(2). Under Section 3143(a)(2), a defendant guilty of a "crime of violence" must be detained pending sentencing unless certain statutory exceptions apply. 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A). As relevant here, the residual clause of the Bail Reform Act defines a "crime of violence" as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 3156(a)(4)(B).

The Second Circuit has long held that a violation of 18 U.S.C. § 922(g)(1) constitutes a crime of violence within the meaning of the residual clause. *See United States v. Dillard*, 214 F.3d 88, 97 (2d Cir. 2000). In a recent series of cases, however, the Supreme Court has invalidated residual clauses mirroring the ones at issue here on constitutional vagueness grounds. *See Johnson v. United States*, 576 U.S. 591 (2015); *Sessions v. Dimaya*, 584 U.S. 148 (2018); *United States v. Davis*, 588 U.S. 445 (2019). Notwithstanding these decisions, the Second Circuit in *United States v. Watkins* expressly rejected a vagueness challenge to the residual clause as applied to Section 3142(f)(1)(A), which governs when a court must hold a pretrial detention hearing. 940 F.3d 152 (2d Cir. 2019).

In so holding, the Second Circuit reasoned that, unlike the statutes at issue in *Johnson*,

*Dimaya*, or *Davis* that defined crimes or fixed penalties, the residual clause as applied in the pretrial detention hearing context did not implicate the same due process concerns of fair notice and arbitrary enforcement. *Id.* at 159, 161. The Second Circuit further explained that Section 3142(f)(1) "merely performs a gate-keeping function" by permitting a detention hearing without dictating its outcome. *Id.* at 160. Thus, pretrial detention "is never a foregone conclusion" because the provision requires a "full-blown adversary hearing" where the judge must find "by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of any other person or the community" before detaining a defendant. *Id.* at 160-61.

Section 3143(a)(2) operates differently. Once a defendant is convicted of a qualifying offense, detention is *mandatory* unless one of the statute's narrow exceptions applies. Specifically, the statute mandates detention unless the judicial officer "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community," 18 U.S.C. § 3143(a)(2)(B), *and* finds that either (1) "a substantial likelihood that a motion for acquittal or new trial will be granted," *id.* § 3143(a)(2)(A)(i), or (2) the prosecutor "has recommended that no sentence of imprisonment be imposed on the person," *id.* § 3143(a)(2)(A)(ii), or (3) if it is otherwise "clearly shown that there are exceptional reasons why such person's detention would not be appropriate," *id.* § 3145(c).

As observed in *United States v. Cruz*, these exceptions result in "a near-certain loss of liberty" because "[t]here can be no successful motion for acquittal or new trial when a defendant pleads guilty, and the odds that the Government will recommend no imprisonment are slim." No. 24-CR-145 (VEC), 2024 WL 3634861, at *4 (S.D.N.Y. Aug. 1, 2024) (explaining that "exceptional reasons" arise, by definition, only in exceptional cases). Consequently, "[f]or most

defendants, it is a 'foregone conclusion,' that they will be detained if 18 U.S.C. § 3143(a)(2) applies." *Id.* (citation omitted). Thus, unlike Section 3142(f)(1), which merely authorized a hearing to consider the *possibility* of detention, applying the residual clause to Section 3143(a)(2) all but mandates it.

The Government responds that *Watkins* forecloses this distinction because the Circuit "did not limit its vagueness holding to the context of pretrial detention hearings." ECF No. 57 at 4. Specifically, they argue that the *Watkins* court "stated its holding in such a way that it reaches all applications of the residual clause of the Bail Reform Act." *Id.* They further assert that *Watkins* "did not say that it was merely rejecting such a vagueness challenge in the context of a pretrial detention hearing." *Id.*

While it is undoubtedly true the *Watkins* court did not expressly limit its holding to the pretrial detention hearing provision, neither did it explicitly extend it to the mandatory detention context. Moreover, the Government's contention that *Watkins*' holding "reaches all applications of the residual clause," *id.*, conflicts with the Supreme Court's instruction that "the degree of vagueness that the Constitution allows depends in part *on the nature of the enactment*." *Watkins*, 940 F.3d at 159 (quoting *Dimaya*, 584 U.S. at 156) (emphasis added). It would therefore be untenable to hold that *Watkins* bars any vagueness challenge to the residual clause of the Bail Reform Act, regardless of the context in which it is applied.[1]

The Government further argues that even if *Watkins* is limited to the pretrial detention hearing context, the residual clause would still not be amenable to a due process challenge

[1] Nor does *United States v. Verkhoglyad* compel a different result. Although the Second Circuit observed in a footnote that a defendant convicted under Section 922(g)(1) was subject to mandatory detention, the constitutionality of that provision was neither presented nor decided. *United States v. Verkhoglyad*, 516 F.3d 122, 125 n.3 (2d Cir. 2008); *see also Cruz*, 2024 WL 3634861, at *2 n.4 (explaining also that *Verkhoglyad* predated the Supreme Court's trilogy of cases in *Johnson*, *Dimaya*, and *Davis*).

because it "does not define criminal offenses, fix penalties, or implicate the dual concerns underlying the void-for-vagueness doctrine." ECF No. 57 at 5 (quoting *Watkins*, 940 F.3d at 161). Although Section 3143(a)(2) neither defines a crime nor fixes a punishment, it makes detention a practically inevitable consequence of pleading guilty to an offense classified under the residual clause. Thus, unlike the discretionary pretrial detention hearing in *Watkins*, the "near-certain loss of liberty" resulting from applying the residual clause to Section 3143(a)(2) raises far greater due process concerns. *Cruz*, 2024 WL 3634861, at *4.

To be sure, "non-punitive pretrial detention does not trigger the same constitutional concerns as the indisputably punitive post-conviction sentence." *Watkins*, 940 F.3d at 161 (citation omitted). Nevertheless, defendants that plead guilty are still entitled to "some measure of due process protection." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) (holding that "a guilty verdict . . . does not extinguish" "a defendant's expectation in continued liberty"). The Court therefore follows the same rationale that motivated the *Watkins* court to deviate from the trilogy of Supreme Court decisions invalidating nearly identical residual clauses. Because the residual clause arises out of a different statutory context (i.e. mandatory detention) that implicates greater constitutional concerns, the Court holds that Section 3143(a)(2) is amenable to due process challenge.

In doing so, the Court finds persuasive Judge Caproni's analysis in *Cruz*, which was subsequently endorsed in *United States v. Brooke*, No. 23-CR-443 (FB), 2026 WL 111662, at *3 (E.D.N.Y. Jan. 15, 2026). The Court adopts that reasoning and concludes that the residual clause of Section 3156(a)(4)(B) is unconstitutionally vague as applied to the mandatory detention clause under Section 3143(a)(2).

The Court recognizes that another judge in this District arrived at a different conclusion

in *United States v. Bush*, No. 18-CR-907 (PAC), 2021 WL 371782, at *2 (S.D.N.Y. Feb. 3, 2021), in the context of detention pending appeal. The Court nonetheless agrees that "[w]here the defendant faces mandatory detention, the residual clause of 18 U.S.C. § 3156(a)(4)(B) is more akin to those addressed in *Davis*, *Dimaya*, and *Johnson*." *Cruz*, 2024 WL 3634861, at *5.

Without the residual clause, Defendant's conviction under Section 922(g)(1) does not qualify as a crime of violence under the remaining subsections of Section 3156(a)(4). Nor is his conviction one of the enumerated offenses in Section 3142(f)(1)(A)-(C). Accordingly, the mandatory detention provision at Section 3143(a)(2) is not applicable to Defendant.

**B. Defendant's Continued Release Is Warranted Under Section 3143(a)(1)**

Under Section 3143(a)(1), a defendant found guilty of an offense must be detained pending sentencing unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Although the statute establishes "a presumption in favor of detention," that presumption may be overcome where the defendant satisfies this burden. *See Abuhamra*, 389 F.3d at 319.

Here, the Court finds that Defendant has met this burden. In January 2026, Defendant entered an in-patient substance abuse treatment program at Odyssey House, where he successfully completed 60 days of treatment. ECF No. 56, at 1, 8. Following his release from that program, Defendant returned to his mother's residence and complied with the conditions of home detention. *Id.*, at 1. His compliance with supervision and continued participation in outpatient treatment led Judge Katharine Parker to downgrade his home detention to a curfew in August 2026, with the consent of Pretrial Services. *Id.*, at 8. Defendant has since continued to comply with his curfew, attend outpatient treatment, and seek employment through FedCap. *Id.*

at 1, 8. He has also maintained family ties by assisting his mother with medical appointments and spending time with his daughter. *Id.* at 8-9.

The Government argues that Defendant has not carried his burden because he has failed to explain "why he was carrying a stolen firearm loaded with ten rounds of ammunition and how he was able to obtain such a firearm, including from whom he obtained it." ECF No. 57, at 7. The Government further contends that Defendant must explain "what steps he has taken to cut off all his access to illegal firearms and to people who can provide him with illegal firearms." *Id.* While the Court does not discount the seriousness of Defendant's offense, the Court is persuaded that Defendant's sustained compliance with supervision, successful participation in substance abuse treatment, and responsiveness to the Court's authority establish that he is unlikely to flee or pose a danger to others or the community under his existing conditions of release. *See United States v. Boyd*, No. 21-CR-486 (SHS), 2022 WL 790771, at *1 (S.D.N.Y. Feb. 3, 2022) (finding Section 3143(a)(1) satisfied where defendant had union job, lived with his mother without incident for six months, and was subject to conditions of release that mitigated flight risk). Although Defendant experienced some difficulty in complying with outpatient treatment requirements over the summer, the record reflects that he promptly corrected his behavior and resumed his treatment. ECF No. 56 at 8. His conduct while under supervision, including his continued compliance following the relaxation of his release conditions, provides sufficient assurance that continued release is appropriate.

Accordingly, the Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community if released subject to his existing conditions. 18 U.S.C. § 3143(a)(1). Defendant may therefore remain on release pending sentencing.

## CONCLUSION

For the reasons discussed above, the Court concludes that Defendant is not subject to mandatory detention under 18 U.S.C. § 3143(a)(2) and has satisfied the requirements for continued release under Section 3143(a)(1). Accordingly, Defendant's motion for continued release pending sentencing is GRANTED, and the Government's request to remand Defendant is DENIED. Defendant shall remain on release pending sentencing, subject to all previously imposed conditions of release. The Clerk of Court is respectfully directed to terminate ECF No. 56.

SO ORDERED.

Dated: November 12, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge